IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-02838-RBJ

JANOS TOEVS,

      Plaintiff,

v.

JAMES QUINN, First Assistant Attorney General,
CYNTHIA COFFMAN, Attorney General for the State of Colorado,
KEITH NORDELL, Legal Counsel for the Colorado Department of Corrections,
ADRIENNE JACOBSON, Legal Counsel for the Colorado Department of Corrections
THERESA REYNOLDS, Legal Assistant for the Colorado Department of Corrections,
RICK RAEMISCH, Executive Director of the Colorado Department of Corrections,
TRAVIS TRANI, Warden of the Colorado State Penitentiary,
SEAN FOSTER, Associate Warden of the Colorado State Penitentiary,
CAROL SOARES, Associate Warden of the Colorado State Penitentiary,
FRANK ORTIZ, Litigation Coordinator of the Colorado State Penitentiary,
CHRIS BARR, Intelligence Lieutenant at the Colorado State Penitentiary,
DANIEL DENT, Intelligence Sergeant at the Colorado State Penitentiary,
RAEANNE WILL, Disciplinary Officer at the Colorado State Penitentiary, and
DALE BURKE, Hearing Officer at the Colorado State Penitentiary,

      Defendants.

---

## ORDER

---

This matter is before the Court on defendants' motion to dismiss or for summary

judgment, ECF No. 28, and the Recommendation of Magistrate Judge Nina Y. Wang, ECF No.

49. Magistrate Judge Wang recommends that this Court grant in part and deny in part

defendants' motion. *Id.* at 2. Her recommendations are incorporated herein by reference. *See*

28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons below, the Court ADOPTS IN

PART and REJECTS IN PART Magistrate Judge Wang's Recommendation.

## I. BACKGROUND

Magistrate Judge Wang provided a detailed summary of the procedural and factual background of this case in her Recommendation. *See* ECF No. 49 at 2–13.  In brief, plaintiff Janos Toevs, a prisoner in the custody of the Colorado Department of Corrections ("CDOC"), alleges that various CDOC officials, as well as employees of the Colorado Attorney General's office, read and confiscated his legal materials, and then convicted him of "unlawful possession" of other inmates' legal materials. *See id.*; Amended Compl., ECF No. 19, at ¶¶1–128.  Mr. Toevs' "legal materials" allegedly included, among other things, letters from his attorneys (including his attorney in this action and in others, Ms. Elisabeth Owen), an unfinished appellate brief in a pending case Mr. Toevs had filed against certain prison officials ("the *Milyard* litigation"), as well as a complaint and attached exhibits from a related but separate pending case against certain prison officials that Ms. Owen had been working on, but to which plaintiff was not a party ("the *Herrera* complaint").  ECF No. 19 at ¶¶40–51.

Based on defendants' alleged tampering with his legal materials and plaintiff's resulting prosecution, Mr. Toevs asserts nine claims for relief, the first seven of which are asserted against all defendants.  ECF No. 49 at 3–4; ECF No. 19 at ¶¶123–85.  In order, his claims include the following:

(1) retaliation in violation of the First Amendment;
(2) conspiracy to obstruct justice in violation of 42 U.S.C. § 1985;
(3) deprivation of property without due process in violation of the Fourteenth
   Amendment;
(4) denial of right to counsel in violation of the Sixth Amendment;
(5) breach of attorney-client privilege in violation of the First Amendment;
(6) denial of right to privacy in violation of the Fourth Amendment;
(7) denial of right to access the courts in violation of the First Amendment;

(8) cruel and unusual punishment in violation of the Eighth Amendment; and
(9) malicious prosecution in violation of Colorado common law.

*Id.*  Claims 1 and 3–8 are brought under 42 U.S.C. §1983.  ECF No. 49 at 4.  Claim 8 is brought

only against defendants Raemisch, Trani, Foster, Barr, and Dent.  *Id.*; ECF No. 19 at ¶¶175–79.

Claim 9 is brought only against defendants Quinn, Dent, Foster, Trani, and Raemisch.[1]  ECF No.

49 at 4; ECF No. 19 at ¶¶180–85.

On July 8, 2016, defendants filed a motion to dismiss or for summary judgment on all

nine of Mr. Toevs' claims.  ECF No. 28.  After reviewing the parties' briefings and holding oral

arguments on defendants' motion, Magistrate Judge Wang recommended the following:

(1) that Claim 1 proceed only against defendants Barr, Dent, and Will in their respective
individual capacities and that the remainder of Claim 1 be dismissed;
(2) that summary judgment be granted in defendants' favor on Claim 2 and that Claim 2
be dismissed for failure to exhaust administrative remedies;[2]
(3) that Claim 3 proceed only against defendants Barr, Dent, and Quinn, and that the
remainder of Claim 3 be dismissed for failing to state a claim;
(4) that Claim 4 be dismissed for failing to state a claim;
(5) that Claim 5 proceed only against defendants Barr and Dent in their individual
capacities, and that the remainder of Claim 5 be dismissed for failing to state a claim;
(6) that Claim 6 be dismissed for failing to state a claim;
(7) that summary judgment be granted in favor of defendants on Claim 7, and that Claim
7 be dismissed for failure to exhaust administrative remedies;
(8) that summary judgment also be granted in defendants' favor on Claim 8, and that
Claim 8 similarly be dismissed for failure to exhaust administrative remedies; and
(9) that Claim 9 be dismissed because the named defendants are entitled to immunity.

---

[1] Defendants Coffman and Jacobson are sued in their official capacity only.  ECF No. 19 at ¶¶ 3, 5.
Defendants Raemisch, Dent, Will, and Burke are sued in both their official and individual capacities.  *Id.*
at ¶¶ 7, 13, 14, 15. Defendants Quinn, Nordell, Reynolds, Trani, Foster, Soares, Ortiz, and Barr are sued
in their individual capacity only.  *Id.* at ¶¶ 2, 4, 6, 8, 9,10, 11, 12.

[2] Magistrate Judge Wang recommended that defendants' motion be reviewed as a motion for summary
judgment "for the sole purpose of determining whether [p]laintiff has exhausted his administrative
remedies[.]"  ECF No. 49 at 61.  Finding that plaintiff has exhausted his administrative remedies on some
claims but not others, Magistrate Judge Wang went on to recommend that summary judgment be granted
in defendants' favor on Claims 2, 7, and 8 and that those claims be dismissed without prejudice, but that
defendants' motion for summary judgment be denied as to Claims 1, 3–6, and 9.  *Id.* at 25, 61.

ECF No. 49 at 61.

Only Mr. Toevs objected to Magistrate Judge Wang's Recommendation.  *See* ECF No. 50.  Specifically, he objects to two of her recommendations.  *See id.* at 3.  First, he contends that Magistrate Judge Wang applied the wrong legal standard in recommending that Claim Five be dismissed against certain defendants.  *Id.* at 4–7.  Second, he argues that Magistrate Judge Wang similarly erred with respect to her recommendation that Claim Six be dismissed in its entirety. *Id.* at 7–9.  Defendants refute plaintiff's objections, but otherwise agree with plaintiff that the remainder of Magistrate Judge Wang's recommendation should be adopted in full.  ECF No. 51 at 1; ECF No. 50, at 3 n.1.  Mr. Toevs did not file a reply to defendants' response.  Accordingly, Magistrate Judge Wang's Recommendation is ripe for this Court's review.

## II. STANDARD OF REVIEW

### A.  Magistrate Judge Recommendation.

When a magistrate judge makes a recommendation on a dispositive motion, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  In the absence of timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B.  Rule 12(b)(1) – Motion to Dismiss for Lack of Subject Matter Jurisdiction.

In their motion, defendants have alleged various theories of immunity which if true, they say, deprives this Court of subject matter jurisdiction.  *See generally* ECF No. 28.  Federal Rule

of Civil Procedure 12(b)(1) "allows a court to dismiss a complaint for lack of subject matter jurisdiction." *Pueblo of Jemez v. United States,* 790 F.3d 1143, 1151 (10th Cir. 2015). There is a presumption that a cause of action lies outside a federal court's limited jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (quoting *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014)). Whether a court has subject matter jurisdiction is a question of law. *See Madsen v. United States ex. U.S. Army, Corps of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987).

### C. Rule 12(b)(6) – Motion to Dismiss for Failure to State a Claim.

Defendants have also moved to dismiss for failure to state a claim under Rule 12(b)(6). *See generally* ECF No. 28. To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See Twombly*, 550 U.S. at 556. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v.*

*Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

### D.  Rule 56(a) – Motion for Summary Judgment.

Finally, defendants have also moved for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies.  *See generally* ECF No. 28.  Because a prisoner's failure to exhaust mandatory administrative remedies under the Prisoner Litigation Reform Act of 1995 ("PLRA") has been deemed an affirmative defense that a defendant must raise and that cannot subsequently be resolved by a Rule 12(b)(6) motion, see *Jones v. Bock*, 549 U.S. 199, 216 (2007), this Court will consider the issue of exhaustion under Rule 56.  *See also* Fed. R. Civ. P. 12(d); *Chase v. Conner*, 107 F. App'x 827, 828 (10th Cir. 2004) (emphasizing that dismissal of a prisoner's complaint for failure to exhaust administrative remedies must be "*without prejudice*") (emphasis in original).

Under Rule 56, the Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id*. at 324.  A fact is material "if under the substantive law it is essential to the proper disposition of the claim."  *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 670 (10th Cir. 1998).  A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The Court will examine the factual record and make reasonable inferences in the light most favorable to the

6

party opposing summary judgment. *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

## III. ANALYSIS

As mentioned above, plaintiff objects to Magistrate Judge Wang's recommendations on Claims Five and Six. Aside from those two objections, however, the parties agree that this Court should adopt the remainder of Magistrate Judge Wang's Recommendation. ECF No. 51 at 1; ECF No. 50, at 3 n.1. Although I find that the vast majority of Judge Wang's Recommendation is thoroughly explained and indeed correct, I nevertheless do not adopt Magistrate Judge Wang's Recommendation in full.[3] I address my decisions on each of her recommendations, as well as the two objections plaintiff makes to Claims Five and Six, below.

### A. Claim One: Retaliation in Violation of the First Amendment.

First, Magistrate Judge Wang recommends dismissal of plaintiff's claim for retaliation in violation of the First Amendment for failure to state a claim, except as against defendants Dent, Barr, and Will. ECF No. 49 at 46. She finds that while plaintiff has alleged sufficient facts to establish that he engaged in a "constitutionally protected activity" (i.e., engaging in the *Milyard*

---

[3] As Magistrate Judge Wang explains, in addition to their arguments that plaintiff's claims should be dismissed under Rule 12(b)(6), defendants alternatively argue in their motion that plaintiff failed to exhaust his administrative remedies and that they are therefore entitled to summary judgment, that defendants sued in their official capacities (i.e., defendants Coffman, Jacobson, Raemisch, Will, Dent, and Burke) are entitled to Eleventh Amendment immunity, that defendants Cofffman and Quinn are entitled to absolute or quasi-judicial immunity, that all defendants named in Claim Nine (i.e., plaintiff's state law claim) are entitled to immunity under the Colorado Governmental Immunity Act ("CGIA"), and that all defendants are generally entitled to qualified immunity. ECF No. 49 at 16–41. Magistrate Judge Wang rejects defendants' Eleventh Amendment arguments, their qualified immunity arguments, their absolute/quasi-judicial immunity arguments, and some of their summary judgment/failure to exhaust administrative remedies arguments. *See id.* As described *infra*, she nevertheless agrees with some of defendants' summary judgment/failure to exhaust administrative remedies arguments, as well as their CGIA argument. The parties do not object to these conclusions and recommendations. I similarly find them to be correct. Accordingly, I adopt Magistrate Judge Wang's recommendations on these portions of defendants' motion, which she addresses prior to evaluating defendants' Rule 12(b)(6) arguments.

litigation), that he suffered injuries caused by these defendants' alleged mail tampering—including an alleged retaliatory prosecution—and that these defendants took such actions with a "retaliatory motive," plaintiff had not done the same with respect to the remaining defendants. *Id.* at 42–49.

I agree with Magistrate Judge Wang that Mr. Toevs has sufficiently alleged a claim for retaliation against defendants Barr and Dent.  As plaintiff alleges, those two defendants initially searched through, read, and confiscated plaintiff's legal materials, subjected him to numerous "punishments," and were the only two defendants named in the *Milyard* litigation for which plaintiff alleges defendants retaliated against him.  *See* ECF No. 19 at ¶¶25, 126.  Similarly, I agree with Magistrate Judge Wang that Mr. Toevs has not stated a claim for retaliation against the "other" defendants (i.e., all those besides defendants Barr, Dent, and Will).  Those defendants, it appears, played a minimal role in these events and harbored no retaliatory intent since they were neither named in the *Milyard* litigation, nor even knew about the allegations plaintiff had made therein.  Nevertheless, I disagree with Magistrate Judge Wang that Mr. Toevs has in fact stated a claim for retaliation against defendant Will.

To state a claim for retaliation, a plaintiff must allege three elements: (1) that he "engaged in a constitutionally protected activity;" (2) that each defendant's actions caused him "to suffer an injury that would chill a person of ordinary fitness from continuing to engage in that protected activity;" and (3) that each defendant's actions were "substantially motivated as a response to . . . [the plaintiff's] constitutionally protected conduct."  *Shero v. City of Grove, Okl.*, 510 F.2d 1196, 1207 (10th Cir. 2007).

Here, the only allegations that Mr. Toevs makes against defendant Will are: (1) that she served plaintiff with a write-up for "unauthorized possession" after the actions of defendants Barr and Dent; (2) that she was the "reviewing supervisor" when the prison charged plaintiff with that violation; and (3) that, given her role in the prison, she was the defendant who prosecuted what plaintiff alleges was a "baseless" case against him.  ECF No. 19 at ¶126.  From these allegations, I find that plaintiff fails to allege sufficient facts that could prove that defendant Will retaliated against him.

For starters, unlike his allegations against defendants Barr and Dent, plaintiff does not allege that defendant Will was a defendant in the *Milyard* litigation or that defendant Will even knew of the allegations asserted therein, which, after all, is one of if not the main "protected action" against which plaintiff argues defendants retaliated.  Rather, the only logical conclusion I can glean from the allegations plaintiff makes is that defendant Will prosecuted this case against plaintiff solely because, as the prison's Disciplinary Officer, that was her job.  *See id.* at ¶73 ("*As the CSP Disciplinary Officer*, [defendant] Will prosecuted the case . . . .") (emphasis added); *see also Baldauf v. Hyatt*, No. CIVA01CV01315REBCBS, 2008 WL 280839, at *9 (D. Colo. Jan. 31, 2008) (noting that "the retaliation inquiry should . . . be undertaken . . . [with caution against] excessive judicial involvement in day-to-day prison management.") (internal quotation marks and citations omitted).

Plaintiff nonetheless alleges that such actions constitute retaliation because her case was "baseless."  ECF No. 19 at ¶126.  He alleges that defendant Will failed to introduce "any evidence" that plaintiff possessed another offender's legal work at the hearing on this charge of "unauthorized possession."  *See, e.g., id.* at ¶79–80.  Reversing his conviction, the Colorado

Court of Appeals apparently agreed. *Id.* at ¶97. However, the case defendant Will prosecuted

does not appear to be *entirely* "baseless" as plaintiff alleges because the Fremont County District

Court initially affirmed plaintiff's disciplinary conviction. *See id.* at ¶91.

As this Court has reasoned elsewhere, affirmance of disciplinary decisions by impartial

bodies, such as courts or an Administrative Law Judge ("ALJ"), effectively "breaks" the causal

connection needed for a retaliation claim.[4] *See Smith v. Denver Pub. Sch. Bd.*, 767 F. Supp. 226,

227–230 (D. Colo. 1991) (explaining that an ALJ's agreement with a school board's initial

decision to dismiss a tenured teacher, and the board's subsequent "adoption" of the ALJ's

holding, meant that "there can be no retaliatory discrimination" by the school board); *Baldauf*,

2008 WL 280839, at *9 ("The [inmate-plaintiff's] conviction was upheld on appeal by the

District Court and the Colorado Court of Appeals and the Colorado Supreme Court did not

accept review, thus breaking any causal connection between the protected activity and [the

defendant's] conduct."). For that additional reason, I find that plaintiff has failed to state a claim

against defendant Will for retaliation.

Furthermore, I find that plaintiff's allegation that defendant Will prosecuted a "baseless"

claim also fails to suggest that defendant Will harbored a retaliatory motive because plaintiff

does not allege that it was even defendant Will's decision to bring that charge. *See id.* at ¶111.

Rather, from the facts alleged it appears to me, again, that all defendant Will was doing when she

---

[4] This "break in the causal chain" reasoning would not apply, however, to defendants Barr and Dent because they allegedly took retaliatory actions *in addition to* prosecuting plaintiff for "unauthorized possession." ECF No. 19 at ¶126 (alleging defendants Dent and Barr subjected plaintiff to numerous other "punishments" after reading and confiscating his legal materials). Defendant Will, however, apparently did not. *See id.*

prosecuted this case was her job.[5]  *See id.* at ¶73.  Accordingly, because I find that plaintiff has

not stated a claim for retaliation against defendant Will, the Court ADOPTS IN PART and

REJECTS IN PART Magistrate Judge Wang's recommendation on Claim One.  I therefore

dismiss plaintiff's retaliation claim against all defendants other than defendants Barr and Dent.

### B.  Claim Two: Conspiracy in Violation of 42 U.S.C. § 1985.

Next, Magistrate Judge Wang recommends that this Court grant a summary judgment in

defendants' favor on plaintiff's conspiracy claim because plaintiff has failed to exhaust his

administrative remedies.  *See* ECF No. 49 at 22.  As mentioned above, the parties do not object

to Magistrate Judge Wang's finding on this claim.  *See supra*.  I similarly find that her

conclusion is correct.  Accordingly, the court ADOPTS her recommendation on plaintiff's

second claim for conspiracy, granting a summary judgment in defendant's favor on it and

dismissing it without prejudice.

### C.  Claim Three: Deprivation of Property Without Due Process in Violation of the Fourteenth Amendment.

Next, Magistrate Judge Wang recommends that this Court grant in part and deny in part

defendants' motion to dismiss plaintiff's due process claim.  *Id.* at 49–53.  She finds that while

plaintiff has stated a claim that defendants Barr, Dent, and Quinn personally participated in the

alleged deprivation of plaintiff's property (i.e., confiscating the *Herrera* complaint that was

allegedly never been returned to Mr. Toevs), plaintiff has not alleged that the remaining

---

[5] In the absence of any other sufficient allegations suggesting that defendant Will harbored retaliatory intent, I find that the temporal proximity between plaintiff's filing of an appeal in the *Milyard* litigation and his charge of unauthorized possession, or between that charge and Ms. Owen's premature demand to "drop" that charge, is insufficient to state a claim against defendant Will.  *See Strope v. Cummings*, 381 F. App'x 878, 883 (10th Cir. 2010).

defendants played any substantial role in that alleged deprivation.[6] *See id.*  She also notes that whether or not the post-deprivation procedure plaintiff allegedly received was sufficient is a fact question, thus precluding dismissal here.  *Id.* The parties do not object to these findings.  *See supra*.  I similarly find that they are correct.  Accordingly, the Court ADOPTS Magistrate Judge Wang's recommendation on plaintiff's third claim for a due process violation.  I therefore grant in part and deny in party defendants' motion to dismiss that claim, dismissing Claim Three as against all defendants except defendants Barr, Dent, and Quinn.

### D.  Claim Four: Denial of Right to Counsel in Violation of the Sixth Amendment.

Next, Magistrate Judge Wang recommends that this Court grant defendants' motion to dismiss plaintiff's Sixth Amendment claim.  *Id.* at 53–54. She points out that the right to counsel contained within the Sixth Amendment is "offense specific" and attaches only when prosecution has commenced.  *See id.*  She explains that while Mr. Toevs is currently an inmate, he did not allege that he had a pending criminal charge against him, or that he was otherwise in the midst of a criminal proceeding when defendants allegedly denied him his right to counsel by confiscating the legal materials Ms. Owen sent to him.  *Id.*  Thus, Magistrate Judge Wang concludes, plaintiff has not stated a claim for a Sixth Amendment violation.  *Id.*  Again, the parties do not object to this finding.  *See supra*.  I also agree with Magistrate Judge Wang's succinct analysis and her conclusion.  Accordingly, the Court ADOPTS Magistrate Judge Wang's recommendation to

---

[6] Magistrate Judge Wang recommends that Claim Three be dismissed as against defendant Will, but then later in her order recommends that this claim proceed against defendant Will.  *Compare* ECF No. 49 at 53 *with id.* at 59.  Agreeing with her underlying reasoning that Mr. Toevs did not allege that defendant Will was personally involved in this alleged deprivation, see *id.* at 52–53, the Court dismisses this claim against defendant Will per Magistrate Judge Wang's first recommendation.

grant defendants' motion to dismiss plaintiff's Sixth Amendment claim and dismisses that claim with prejudice.

### E.   Claim Five: Breach of Attorney/Client Privilege in Violation of the First Amendment.

Regarding Claim Five, which is a First Amendment claim arising out of defendants' alleged tampering with legal materials sent to plaintiff by his attorneys, Magistrate Judge Wang recommends that this claim be dismissed as against all defendants except for defendants Barr and Dent. *Id.* at 54–59.  She explains that, in order to state a claim for inmate mail tampering in violation of the First Amendment, plaintiff must have alleged either that each defendant acted with "retaliatory intent," or that each defendant persisted in a "pattern" of tampering. *See id.* Because plaintiff alleged that each defendant only tampered with his mail once, but that only defendants Barr and Dent did so with retaliatory intent, Magistrate Judge Wang found that plaintiff's First Amendment breach of attorney/client privilege claims against only those two defendants could proceed. *See id.*

Mr. Toevs objects to that recommendation.  ECF No. 50 at 4–7.  Specifically, he finds error with the legal standard as set forth by Magistrate Judge Wang. *See id.*  He asserts, instead, that all that he must allege to state a claim is that each defendant tampered with his mail once, but did so with some kind of "purposeful" intent. *Id.* (citing *Hinderliter v. Hungerford*, 814 F. Supp. 66, 68 (D. Kan. 1993)).  Defendant counters that the standard as set forth by Magistrate Judge Wang—i.e., that either *retaliatory* intent or a *pattern* of tampering must be shown—is the right standard and that Magistrate Judge Wang's subsequent recommendation to dismiss Claim Five as against all defendants except defendants Barr and Dent was therefore correct.  ECF No. 51 at 2–5.

Without deciding which party cites the correct standard, I find that plaintiff's mail tampering claim against all defendants for "breach of attorney/client privilege" in violation of the First Amendment must be dismissed.  I reach this conclusion for two reasons.  First, and perhaps most importantly, because the "attorney/client privilege" is not a constitutional right the "breach" of which results in a First Amendment violation.  *See, e.g.*, *Howell v. Trammell*, 728 F.3d 1202, 1222 (10th Cir. 2013) ("[S]tanding alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right.") (citations omitted); *Ybanez v. Milyard*, No. 10-CV-02234-RBJ-MJW, 2012 WL 5878202, at *4 (D. Colo. Nov. 20, 2012) (citing *Wolff v. McDonnell*, 418 U.S. 539, 575–76 (1974), which in turn explains that while correspondents with prisoners have a First Amendment right to send and receive mail, a prisoner's right to an attorney-client relationship only falls under the narrow circumstances of the Sixth Amendment). Indeed, plaintiff readily admits that the "privilege" defendants allegedly breached in violation of the First Amendment was not a constitutional guarantee.  *See* ECF No. 19 at ¶154 ("*Federal common law* recognizes a privilege for communications between client and attorney for the purpose of obtaining legal advice, provided such communications were intended to be confidential.") (emphasis added).

And second, I find that, if plaintiff believes that his First Amendment free speech right to communicate with his attorneys was violated by defendants' actions, which he appears to suggest in other portions of his amended complaint and which is, by contrast, a well-recognized constitutional right, he can and should vindicate that right through his other First Amendment

claims—namely, his "access to the courts" claims contained within Claim Seven.[7] *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (summarizing *Evans v.* Moseley, 455 F.2d 1084, 1087 (10th Cir. 1072), *cert. denied*, 409 U.S. 889 (1972) and explaining that a "prisoner's right to correspond with [his] attorney does not extend to correspondence on any subject, but only to issues implicating access to courts") (internal quotation marks omitted); *see also Toevs v. Milyard*, No. 12-CV-02532-BNB, 2013 WL 1151885, at *2 (D. Colo. Mar. 18, 2013), *aff'd*, 563 F. App'x 640 (10th Cir. 2014) ("Access to counsel is another means to ensure access to the courts."); *Olson v. Brown*, 284 F.R.D. 398, 405 (N.D. Ind. 2012) (explaining that, in the wake of the Supreme Court's decision in *Wolff*, "[s]everal courts . . . have identified the pertinent constitutional right [when prison officials allegedly tamper with an inmate's legal mail] as the right to court access . . . ."). The Court therefore ADOPTS IN PART and REJECTS IN PART Magistrate Judge Wang's recommendation on Claim Five and dismisses with prejudice the entirety of that claim.

### F.  Claim Six:  Denial of Right to Privacy in Violation of the Fourth Amendment.

Next, with respect to Claim Six, which is a claim for a violation of plaintiff's Fourth Amendment "right to privacy," Magistrate Judge Wang recommends that this Court dismiss the entirety of that claim.  ECF No. 49 at 59–60.  She finds that the Fourth Amendment does not establish a right to privacy in prisoner's cells, and that, to the extent plaintiff believes his privacy

---

[7] As discussed *infra*, however, Magistrate Judge Wang concludes that plaintiff failed to exhaust his administrative remedies on Claim Seven.  Because I agree, plaintiff will need to exhaust his administrative remedies with respect to that claim before this Court can hear it.

was violated by defendants' tampering with his legal mail and materials, such an allegation is better addressed through a First Amendment claim.[8]  *See id.*

Plaintiff's second objection is to this recommendation.  ECF No. 50 at 7–9.  He argues that while it is true that, in general, prisoners enjoy no right to privacy in their cells under the Fourth Amendment, legal mail is different.  *See id.*  He goes on to argue that a prisoner's legal mail is his property that is not subject to search, and that plaintiff therefore had a reasonable expectation of privacy in those materials defendants allegedly confiscated.[9]  *Id.*  I agree with Magistrate Judge Wang.

Put simply, as Magistrate Judge Wang does, while the Fourth Amendment may create a limited right to *bodily* privacy for inmates, it does not establish a right to privacy in prisoner's cells.  *See Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995) (citing *Hudson v. Palmer*, 468 U.S. 517, 522–30 (1984), which in turn explains that the loss of privacy is an "inherent incident[] of confinement.") (internal quotation marks and citations omitted); *Hudson*, 468 U.S. at 525–26 ("[W]e hold that society is not prepared to recognize as legitimate *any* subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth

_____

[8] Magistrate Judge Wang states that Mr. Toevs could vindicate his "right to privacy" through his First Amendment claim contained in Claim Five.  ECF No. 49 at 60.  The Court, however, dismisses that claim, finding that Claim Seven and perhaps Claim One appropriately encapsulate plaintiff's First Amendment allegations pertaining to communication with his attorney.  *See supra*.  Thus, to the extent I agree with Magistrate Judge Wang's reasoning behind her recommendation on Claim Six, I find that plaintiff can vindicate his privacy concerns through those other First Amendment claims.

[9] Plaintiff selectively quotes CDOC Administrative Regulation 300-38 as evidence that he had a legitimate expectation that his legal mail would be kept private.  *See* ECF No. 19 at ¶29.  That regulation, however, *permits* prison officials to inspect plaintiff's incoming mail for contraband and to even read, censor, or reject offender mail, both incoming and outgoing, "based on legitimate institutional interest of order and security."  *See* CDOC Administrative Regulation 300-38.  In any event, as discussed *infra*, I find that the Supreme Court's strong and unequivocal holdings in cases like *Hudson* that there is no Fourth Amendment right to privacy within prison cells controls.  *See Hudson*, 468 U.S. at 526.

Amendment proscription against unreasonable searches *does not apply* within the confines of the prison cell.") (emphasis added).

Accordingly, I agree with Magistrate Judge Wang that plaintiff has no constitutional right to keep his legal materials in his cells "private" under the Fourth Amendment.  Claim Six therefore fails to state a claim.  Accordingly, I ADOPT Magistrate Judge Wang's recommendation on Claim Six, grant defendants' motion to dismiss it, and dismiss the entirety of Claim Six with prejudice.

### G.  Claim Seven: Denial of Right to Access the Courts in Violation of the First Amendment.[10]

Next, Magistrate Judge Wang recommends that this Court grant a summary judgment in defendants' favor on plaintiff's seventh claim for relief because she finds that plaintiff has failed to exhaust his administrative remedies.  ECF No. 49 at 23.  As mentioned above, the parties do not object to Magistrate Judge Wang's finding on this claim.  *See supra*.  I similarly agree that her conclusion is correct since, while plaintiff exhausted his administrative remedies with respect to his now-dismissed "breach of attorney-client privilege" First Amendment claim, he has not done so with respect to an "access to the courts" claim as Magistrate Judge Wang properly found.  Accordingly, the Court ADOPTS Magistrate Judge Wang's recommendation on

---

[10] As this Court has explained:

> The Tenth Circuit recognized that an inmate's constitutional 'right of access to the courts' may be violated by interference with the inmate's legal mail in *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005).  Although the constitutional predicate for a right of 'access to the courts' is the subject of some jurisprudential debate, opening of a prisoner's legal mail outside his presence could violate rights to access to the courts under either the First Amendment (Petition Clause) or the Fifth Amendment (Due Process Clause).

*Villabona-Alvarado v. Rios*, No. CIVA.07CV01937MSKMEH, 2009 WL 723308, at *3 (D. Colo. Mar. 18, 2009).

plaintiff's seventh claim for denial of the right to access the courts in violation of the First Amendment, granting a summary judgment in defendant's favor on it and dismissing Claim Seven without prejudice.

### H.   Claim Eight: Cruel and Unusual Punishment in Violation of the Eighth Amendment.

On Claim Eight, which is for an Eighth Amendment violation, Magistrate Judge Wang recommends that this Court grant a summary judgment in defendants' favor because plaintiff has failed to exhaust his administrative remedies.  ECF No. 49 at 23.  Again, the parties do not object to Magistrate Judge Wang's finding on this claim.  *See supra*.  I similarly find that her conclusion here is correct.  Accordingly, the Court ADOPTS her recommendation on plaintiff's claim for an Eighth Amendment violation, granting a summary judgment in defendant's favor on it and dismissing Claim Eight without prejudice.

### I.   Claim Nine: Malicious Prosecution in Violation of Colorado Law.

Finally, with respect to Claim Nine, which is plaintiff's state law claim for "malicious prosecution," Magistrate Judge Wang recommends that this Court grant defendants' motion to dismiss.  ECF No. 49 at 38–39.  She finds that dismissal is warranted because the individual defendants named in this claim are either entitled to immunity under the Colorado Governmental Immunity Act ("CGIA"), C.R.S. § 24-10-118(2)(a), since plaintiff has not sufficiently alleged "willful and wanton" conduct, or because plaintiff has not sufficiently alleged facts to show personal participation.  *See id.*  Once again, the parties do not object to her recommendations.  I similarly find them to be thoroughly-analyzed and indeed correct.  Accordingly, the Court dismisses without prejudice Claim Nine of plaintiff's amended complaint.

**ORDER**

For the reasons above, the Court ADOPTS IN PART and REJECTS IN PART Magistrate Judge Wang's Recommendation.  ECF No. 49.  I therefore GRANT IN PART and DENY IN PART defendants' motion to dismiss or for summary judgment.  ECF No. 28.  Accordingly, the Court:

- Dismisses with prejudice Claim One (First Amendment retaliation) against all defendants, except for defendants Barr and Dent in their respective individual capacities;

- Grants a summary judgment in favor of all defendants on Claim Two (conspiracy) and dismisses that claim without prejudice;

- Dismisses with prejudice Claim Three (Fourteenth Amendment due process) against all defendants, except for defendants Barr, Dent, and Quinn in their respective individual capacities;

- Dismisses with prejudice the entirety of Claim Four (Sixth Amendment right to counsel);

- Dismisses with prejudice the entirety of Claim Five (First Amendment breach of attorney/client privilege);

- Dismisses with prejudice the entirety of Claim Six (Fourth Amendment right to privacy);

- Grants a summary judgment in all defendants' favor on Claim Seven (First Amendment access to courts) and dismisses that claim without prejudice;

- Grants a summary judgment in all defendants' favor on Claim Eight (Eighth Amendment cruel and unusual punishment) and dismisses that claim without prejudice; and

- Dismisses with prejudice the entirety of Claim Nine (malicious prosecution).

Reaching those conclusions, the Court hereby dismisses from this lawsuit all defendants, except for defendants Barr, Dent, and Quinn in their individual capacities.[11]

DATED this 21th day of March, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

---

[11] Addressing defendants' arguments on Eleventh Amendment immunity, Magistrate Judge Wang recommends that the Court dismiss defendants Jacobson, Dent, Will, and Burke in their official capacity from this lawsuit since the relief sought against them in Claims One, Three, Fourth, Five, and Six are duplicative of the relief sought against defendant Raemisch in his official capacity.  ECF No. 49 at 27. The Court agrees, but nevertheless goes one step further and dismisses all defendants except for defendants Barr, Dent, and Quinn in their individual capacities given my resolution of defendants' motion *supra*.